UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
UNITED STATES OF AMERICA,          :

                          :

       v.                   :      **MEMORANDUM & ORDER**
                                 14-CR-296 (WFK)

EFRAIN IRIZARRY,            :

                          :

               Defendant.    :
-------------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

On July 30, 2015, the defendant, Efrain Irizarry, pleaded guilty to one count of Narcotics Distribution Conspiracy, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B), and one count of Use of a Firearm, in violation of 18 U.S.C. § 924(c)(1)(A)(i). The Court now sentences the defendant and provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress and the President and contained in 18 U.S.C. § 3553(a). For the reasons discussed below, the defendant is hereby sentenced to 48 months of incarceration for the first count of the superseding indictment and 12 months of incarceration for the second count of the superseding indictment, for a total of 60 months of incarceration; 3 years of supervised release for each count, to run concurrently; and payment of a $200.00 special assessment.

## BACKGROUND

On May 19, 2014, the United States filed an Indictment against Efrain Irizarry

("Defendant") and three co-defendants, alleging a conspiracy to distribute heroin within the

Eastern District of New York. ECF No. 1. The United States subsequently filed a three-count

Superseding Indictment against Defendant and four co-defendants on October 16, 2014. ECF

No. 52. The Superseding Indictment charged Defendant with one count of Narcotics

Distribution Conspiracy, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B), and one

count of Use of a Firearm, in violation of 18 U.S.C. § 924(c)(1)(A)(i). *Id.* at 1-2. Defendant

pleaded guilty to both counts on July 30, 2015. ECF No. 95.

The Court hereby sentences Defendant and sets forth its reasons for Defendant's sentence

using the rubric of the 18 U.S.C. § 3553(a) factors pursuant to 18 U.S.C. § 3553(c)(2).

## DISCUSSION

### I. Legal Standard

18 U.S.C. § 3553 outlines the procedures for imposing a sentence in a criminal case. If

and when a district court chooses to impose a sentence outside of the Sentencing Guidelines

range, the court "shall state in open court the reasons for its imposition of the particular sentence,

and . . . the specific reason for the imposition of a sentence different from that described" in the

Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for

so departing "in a statement of reasons form." *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific

statement explaining why the guidelines range did not account for a specific factor or factors

under § 3553(a)." *United States v. Davis*, 08-CR-332, 2010 WL 1221709, at \*1 (E.D.N.Y. Mar.

29, 2010) (Weinstein, J.). Section 3553(a) provides a set of seven factors for the court to

consider in determining what sentence to impose on a criminal defendant. The Court addresses

each in turn.

### II. Analysis

#### A. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of

the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

Defendant was born on March 7, 1977, in Brooklyn, New York, and he is the eldest of

four children born to his parents. Presentence Investigation Report ("PSR") ¶¶ 50-51, ECF No.

155. Defendant had a rather tumultuous childhood that was marked by poverty, criminal activities, and his parents' drug use. *Id.* ¶¶ 52-55. When he was young, Defendant and his family lived in public housing in the Williamsburg neighborhood of Brooklyn, and they relied on public assistance and food stamps. *Id.* ¶ 52. At some point during Defendant's youth, his mother became addicted to heroin, using approximately up to 2 grams per day. *Id.* ¶ 53. When Defendant was twelve years old, his youngest sister was born addicted to heroin, which resulted in all four children being taken into foster care. *Id.* At that time, Defendant was separated from his three siblings: they were placed in a foster home, while Defendant was placed in group homes, where he experienced theft, violence, and other "predatory acts" at the hands of the other residents. *Id.* Defendant's father actively sought to regain custody of the children and was able to do so after approximately one year. *Id.* When Defendant returned home, he found that "not much had changed," as the family still struggled with poverty and his mother still used drugs. *Id.* ¶¶ 53-54. Defendant's mother ultimately stopped using drugs in 2001 and has been able to stay clean with the assistance of a methadone maintenance program. *Id.* ¶¶ 54-55.

Defendant became involved in criminal activity at a young age. *Id.* ¶¶ 52, 54. For instance, he would act as a look out when his father "stripped cars," *id.* ¶ 52, and, according to his mother, he began to sell drugs after his family was reunited so he could afford the types of clothes and shoes he observed his classmates wearing, *id.* ¶ 54. Defendant's criminal activity persisted into his adulthood. *See id.* ¶¶ 40-42, 45, 47-48. He has been convicted of operating a motor vehicle with a suspended license, *id.* ¶ 40, criminal possession of a weapon,[1] *id.* ¶ 41, and

---

[1] A related attempted murder charge was later reversed and dismissed by the state appellate court. *Id.* ¶ 41; Add. to PSR at 1, ECF No. 165; Def.'s Sentencing Mem. at 1, ECF No. 164.

criminal possession of marijuana, *id.* ¶ 42. Defendant has also admitted to participating in two robberies for which he was never arrested. *Id.* ¶ 45.

Defendant attended high school through the eleventh grade and later earned his GED. *Id.* ¶¶ 68-69. He spent most of his time after leaving school "on the street" and he has had little formal employment. *Id.* ¶¶ 72-77. Defendant has four children between the ages of nine and twenty and he remains in regular contact with, and provides some financial support to, two of them. *Id.* ¶¶ 56-60. He is still in a relationship with the mother of his youngest daughter, and the couple lived together with their daughter until Defendant's arrest for the instant offense. *Id.* ¶ 59. The couple plans to live together after Defendant is released. *Id.* ¶ 60.

The instant offenses arise out of Defendant's participation in a heroin and firearms trafficking organization that was investigated by a task force consisting of the New York City Police Department, the Organized Crime and Drug Enforcement Strike Force, and the Federal Bureau of Investigation beginning in approximately November 2013. *Id.* ¶ 4. Among other things, Defendant made multiple drug sales to cooperating witnesses, *id.* ¶¶ 5, 7, arranged narcotics transactions via wiretapped phones, *id.* ¶¶ 6, 9-15, acted as an intermediary between others conducting narcotics transactions, *id.* ¶ 16, and sold two firearms to a co-defendant, *id.* ¶ 17. Defendant was arrested on May 20, 2014, and is responsible for distributing between 400 and 700 grams of heroin between November 1, 2013, and May 1, 2014. *Id.* ¶ 19. Defendant has been incarcerated since the date of his arrest and has not had any disciplinary infractions while in custody. *Id.* ¶ 62.

4

## B. The Need for the Sentence Imposed

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

The Court's sentence punishes Defendant for violating federal law and is crafted to deter him and others from engaging in similar criminal activity in the future. The Court takes into account Defendant's difficult upbringing, good behavior while in custody, and need to care for his young family.

## C. The Kinds of Sentences Available

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant pleaded guilty to one count of Narcotics Distribution Conspiracy, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B), and one count of Use of a Firearm, in violation of 18 U.S.C. § 924(c)(1)(A)(i). With regard to the first count, Defendant faces a maximum term of imprisonment of forty years. *See* 21 U.S.C. §§ 846 & 841(b)(1)(B). If a term of imprisonment is imposed, the Court must also impose a term of supervised release of at least four years. *See* 21 U.S.C. § 841(b)(1)(B). Defendant is statutorily ineligible for probation. *Id.* Defendant also may be required to pay a maximum fine of $5,000,000.00, *id.*, and must pay the mandatory special assessment of $100.00, 18 U.S.C. § 3013. With regard to the second count,

Use of a Firearm, Defendant faces a maximum term of imprisonment of life, *see* 18 U.S.C. § 924(c)(1)(A)(i), a term of supervised release of up to five years, *id.* § 3583(b)(1), a maximum fine of $250,000.00, *id.* § 3571(b), and the mandatory special assessment of $100.00, *id.* § 3013. Defendant is also statutorily ineligible for probation for this count. *Id.* § 3561(a)(2).

**D. The Kinds of Sentence and the Sentencing Range Established For Defendant's Offenses**

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines." 18 U.S.C. § 3553(a)(4)(A).

With regard to the first count, Guidelines § 2D1.1(a)(5) applies to violations of 21 U.S.C. § 846 and, per Guidelines § 2D1.1(c)(7), sets a base offense level of twenty-six. *See* United States Sentencing Commission, *Guidelines Manual*, § 2D1.1(a)(5), (c)(7) (Nov. 2016) ("USSG" or "Guidelines"). Defendant's acceptance of responsibility by pleading guilty and his timely notification of his intent to do so permits a further reduction of three levels. *Id.* § 3E1.1. Accordingly, Defendant's total adjusted offense level is twenty-three. Defendant has a criminal history score of four, which results in a criminal history category of three. PSR ¶¶ 43-44.

Given a total offense level of twenty-three and a criminal history category of three, the Guidelines suggest a term of imprisonment of between fifty-seven and seventy-one months for the first count of the superseding indictment. USSG ch. 5, pt. A. The Guidelines further recommend a term of supervised release of at least four years, *id.* § 5D1.2(c); a fine of between $6,000.00 and $5,000,000.00, *id.* § 5E1.2(c); and payment of the costs of prosecution, *id.* § 5E1.5. Defendant is ineligible for probation under the Guidelines. *Id.* § 5B1.1(b)(3).

Under the Guidelines, the first and second counts cannot be grouped, as the second count carries a mandatory consecutive term of imprisonment. For the second count, the suggested Guidelines sentence is the statutory mandatory minimum of five years (or 60 months), although this Court may find it does not apply in this instance. *Id.* § 2K2.4(b). The Guidelines further suggest a term of supervised release of between three and five years. *Id.* § 5D1.2(a)(1).

### E. Pertinent Policy Statement of the Sentencing Commission

The fifth § 3553(a) factor requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission." 18 U.S.C. § 3553(a)(5). Defendant has admitted to participating in two armed robberies and additional firearms trafficking for which he was not charged. PSR ¶ 99. The Court may consider this uncharged conduct as a basis for an upward departure per Policy Statement 5K2.21. USSG § 5K2.21.

### F. The Need to Avoid Unwarranted Sentence Disparities

The sixth § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). In considering the other six § 3553(a) factors, the Court's sentence sufficiently avoids unwarranted sentence disparities.

### G. The Need to Provide Restitution

Finally, the seventh § 3553(a) factor, which requires the Court to touch upon "the need to provide restitution to any victims of the offense," 18 U.S.C. § 3553(a)(7), is not applicable in Defendant's case, *see* 18 U.S.C. § 3663.

## CONCLUSION

A sentence of 48 months of incarceration for the first count and 12 months of incarceration for the second count, for a total of 60 months of incarceration; 3 years of supervised release for each count, to run concurrently; and payment of a $200.00 special assessment is appropriate and comports with the dictates of § 3553. This sentence is consistent with, and is sufficient but no greater than necessary to accomplish, the purposes of § 3553(a)(2).

The Court expressly adopts the factual findings of the Presentence Investigation Report and the Addendum thereto and imposes the special conditions of release proposed by the Probation Department.

**SO ORDERED.**

s/WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: June 27, 2017
    Brooklyn, New York